### HAMILTON et al. v. HAMILTON et al.
### No. 3617.

Court of Civil Appeals of Texas. Amarillo.
Sept. 23, 1931.

Rehearing Denied Nov. 4, 1931.

E. W. Napier, of Wichita Falls, for appellants.

Claude P. Hamilton and others, pro se.

JACKSON, J.

The plaintiffs, Cleve Hamilton, and twenty-three others, as heirs of J. P. Hamilton, deceased, instituted this suit in the district court of Wilbarger county, Tex., against the defendants Mrs. E. L. Hamilton, the surviving wife of J. P. Hamilton, and Claude P. Hamilton, his son.

Plaintiffs alleged:

That about January 15, 1921, J. P. Hamilton died, leaving an estate of the value of $100,000, which he disposed of by will. That he bequeathed and devised to his wife, Mrs. E. L. Hamilton, the entire estate during her natural life, with the remainder to his children, Cleve Hamilton, R. N. Hamilton, J. E. Hamilton, R. S. Hamilton, T. A. Hamilton, L. C. Hamilton, Bettie M. Pettit, and Mrs. Johnson and her husband.

That Mrs. E. L. Hamilton was named as independent executrix of said will without bond, and T. A. Hamilton, R. N. Hamilton, J. H. Pettit, and J. B. Ross were named as advisers of Mrs. E. L. Hamilton, who was given only such powers in the management and disposition of the estate as might be agreed upon by said advisers.

That said will was duly filed and probated on the 10th day of March, 1921, and that Mrs. E. L. Hamilton qualified as executrix under the will and assumed possession and control of said estate. That thereafter, without the consent and over the protest of the advisers, the executrix entered into a contract with the defendant Claude P. Hamilton, turning over to him the entire estate and constituting him manager thereof and authorized him to make and enter into contracts with reference to said estate, since which time the defendant Claude P. Hamilton has retained possession and exercised complete control of the property of the estate to the exclusion of the board of advisers.

That plaintiffs believe that the defendant

Claude P. Hamilton, with the consent of said Mrs. E. L. Hamilton, has sold, incumbered, and otherwise disposed of a large part of the personal property and made numerous real estate contracts affecting the land belonging to the estate, and otherwise incumbered it. That the defendants have refused to recognize the board of advisers or consult with them or permit them to participate in the administration of the affairs of the estate, have refused to permit them to inspect the books and records of the estate, and refused to furnish said advisers with any information relative to the estate. That the said Mrs. E. L. Hamilton and Claude P. Hamilton assert that under the will the executrix is entitled to a life estate in the entire property and all the proceeds and revenues derived therefrom, and, so long as the corpus of the estate is not disposed of, such executrix is entitled to the exclusive management and control of said estate.

That under a fair and reasonable interpretation of the terms of the will the persons named as advisers are coexecutors and cotrustees with the executrix, and she has no authority to manage and control said estate without being joined therein by said advisers. That her acts in employing Claude P. Hamilton are void, and all the contracts of every kind and character made by him or by the said executrix are void. That the advisers are entitled to joint possession, management, and control of the estate and to a complete accounting, showing in detail the receipts and disbursements since the death of the said J. P. Hamilton and showing the present status of the estate.

That the defendants have neglected to exercise ordinary care and diligence in the preservation of the estate. That Claude P. Hamilton has converted to his own use and benefit large sums of money, has sold personal property, and the defendants have neglected to keep the real estate in repair, and allowed the buildings, fences, and improvements to become dilapidated.

That the defendant Mrs. E. L. Hamilton is 80 years of age and by reason of physical and mental infirmities is and has been since the death of her husband incapable of performing the duties incident to the administration of the estate. That the acts of the executrix are contrary to the expressed intention of the testator in his will, and the defendants persist in continuing such management to the exclusion of the advisers and will continue to waste and impair said estate.

The plaintiffs sought a judgment of the court construing the will declaring T. A. Hamilton, R. N. Hamilton, J. H. Pettit, and J. B. Ross, cotrustees and coexecutors of the estate with Mrs. E. L. Hamilton; requiring the defendants to furnish a stated account showing the receipts and disbursements and

the present condition of the estate; appointing an auditor to audit such books and accounts and a receiver to take charge of, manage, and control the estate, to recover a judgment against Claude P. Hamilton for whatever sums he may have converted to his own use and benefit and whatever sums he may owe such estate; and for judgment against the estate for attorneys fee in the sum of $1,000.

Plaintiffs state the property alleged to have been converted by Claude P. Hamilton and the moneys and obligations due by him to the estate.

Plaintiffs attach to and make a part of their petition a copy of the will of J. P. Hamilton, deceased.

The defendants answered by general demurrer, special exceptions, general denial, and specially pleaded:

That J. P. Hamilton, deceased husband of the defendant Mrs. E. L. Hamilton, at the time of his death owned only on interest in the community property between himself and his surviving wife, and that by the terms of his will a life estate in such community interest of J. P. Hamilton was bequeathed to Mrs. E. L. Hamilton. That no partition or division of the property has been made, and the whole estate has been and still is used and managed together. That the appointment of a receiver or the granting of an injunction or decreeing the advisers as coexecutors and cotrustees would be wholly unlawful and inequitable. That the rights of Mrs. E. L. Hamilton in the community interest of her deceased husband is an unlimited life estate, with a limited power of sale, and the plaintiffs are only executory devisees, but she says, in the alternative, that, if they are remaindermen, she alleges the facts to be that no loss, removal, material or permanent injury has in any manner been permitted, but that the corpus of the estate is intact, the improvements thereon have been kept in good repair, the farms in a good state of cultivation, improvements have been added, additional lands have been put in cultivation, and the whole estate is in better condition and of greater value than at the time of the death of J. P. Hamilton.

That Claude P. Hamilton is the only one of her children who would or could look after the farms and give time and attention to the management thereof at her request. That his management has been prudent, careful, and profitable, and he has devoted daily attention thereto. That he has constantly looked after her personal needs and comforts. That she has at no time refused the advice of any member of the board of advisers, but on several occasions has sought such advice, but none of them have ever expressed a willingness to reside upon or look after the interest of the estate, which

requires daily attention. That said advisers, under the terms of the will, have no legal right as such to manage or control, and no joint right with her in the management and control of the estate. That no property has been lost or converted, misapplied or unlawfully appropriated.

The case was submitted to the court without the intervention of a jury, and judgment entered that plaintiffs take nothing and the defendants go hence without day, from which judgment this appeal is prosecuted.

The provisions of the will material to a consideration of the appeal are:

"III. I give, bequeath and will to my beloved wife, E. L. Hamilton, all of the property, both real and personal of every kind and description and wherever located, that I may die seized and possessed of after the payment of all my just debts together with all expenses incident to the probating of this will to be hers during her natural life, with the understanding that she may lease, sell, or dispose of the same and convey absolute title thereto, fix valid liens thereon or make any contracts in connection therewith in the manner hereinafter provided. And at her death all said property herein willed to my said beloved wife that is still owned by her shall descend to my children according to the laws of descent and distribution.

"IV. Desiring to protect my said beloved wife against all necessary worry in the handling and controlling of said property, and desiring to leave it in shape to be handled to the best advantage and having absolute confidence in my sons, T. A. Hamilton and R. N. Hamilton, and my sons-in-law, J. H. Pettit and J. B. Ross, I request that they act as advisors to my said wife in handling said property and I direct that she request them to do so and it is my will that she may sell or transfer all or any part of said property or make any contract in connection therewith and pass absolute title to such as she desires to sell or transfer and make valid contracts in relation to said property provided that said T. A. Hamilton, R. N. Hamilton, and J. H. Pettit and J. B. Ross, shall agree to such sales, transfers or contracts and sign all instruments evidencing the same and in case of such sale, transfer or contracts this will shall be construed to vest absolute title in my said wife, and to grant her power and authority to make such sale, transfers or contracts so that they may be as effective as if made by myself while living.

"V. I hereby name, constitute and appoint my beloved wife, E. L. Hamilton, executrix of my last will and testament and direct that no bond or security be required of her as such.

"VI. It is my will that no other action shall be had in the County or Probate Court in the administration of my estate than to prove and record this will and to return an inventory and appraisement of the said estate and list of claims."

The court, in his judgment, finds: That under the terms of the will it was the intention of the deceased to give to his wife, E. L. Hamilton, all the property, real and personal, owned by him at the time of his death, to be hers during her natural life, and that she, as independent executrix, was given the sole control and management of the property for her use and enjoyment during her life, but that her authority to dispose of, convey, and make absolute title to the property, lease, sell, or contract for sale, was limited by the provisions directing that the advisers named shall agree to such sales, transfers or contracts evidencing the same; that Mrs. E. L. Hamilton was entitled to the rents, profits and revenues derived from such estate during her natural life; that the language in the will, "I request that they act as advisers to my wife in handling said property and direct that she request them to do so," is precatory, and that the only peremptory provision was the language requiring that the advisers agree to and sign all instruments evidencing title before such instruments could be effective to vest title or incumber the real estate; that by the will Mrs. Hamilton, the executrix, was given the sole power of managing and controlling the property for the purposes of deriving revenues from the profits and products thereof; that under the will it was the intention of the testator that, if there should be any remainder of his estate held by Mrs. E. L. Hamilton at the time of her death, such remainder should go to the children of the testator according to the laws of descent and distribution.

The court finds from the evidence that the only property owned by J. P. Hamilton at the time of his death was his one-half interest in the community estate of himself and wife, E. L. Hamilton; that there has been no partition of said estate; that there has been no misappropriation and no mismanagement of said estate; that E. L. Hamilton has acted within her rights in the handling and management of said estate; that the estate has been well managed and no waste committed; that none of the estate or lands has been sold or attempted to be sold, no leases have been made except with the consent of the advisers, save rental contracts from year to year for the purpose of having the farms cultivated, all of which the executrix and her agent had authority to do; that no facts are shown which would authorize the appointment of an auditor or receiver and no equitable grounds for the granting of an injunction.

In addition to the facts found by the court, which are amply supported by the testimony and are not challenged, the evidence discloses that additional lands to the amount of 500 acres have been put in cultivation; that

additional improvements have been placed on the farms; that the improvements on the farms have been kept in a good state of repair; that there is approximately $20,000 in cash on hand in excess of the amount on hand at the time of the death of J. P. Hamilton; and that none of the personal property of the deceased had been disposed of or converted to the use and benefit of either of the defendants.

The appellants, by numerous assignments, challenge as error the action of the court in rendering judgment against them, because, under the provisions of the will, the executrix was not given the authority to manage and control the estate during her life, but that she was required in the management of the estate to secure the approval of the board of advisers to all acts and contracts pertaining to the management of the estate, whether such acts and contracts involved a disposition of the real estate or not.

It is conceded that the will vested in the defendant Mrs. E. L. Hamilton a life estate in all the property of which J. P. Hamilton died seized and possessed, and that such property consisted of his interest in the community estate of himself and wife.

"A life tenant has the right to all the ordinary uses to which the land is accustomed to be put, the only restriction being that he shall not commit waste. He is also entitled to the profits resulting from such use. The life tenant cannot change the use so as to alter the character of the estate; but there is nothing to prevent such tenant from improving the fertility and productiveness of the land by improved methods of culture and management unless such management results in a permanent injury to the inheritance. He may do what is required for the proper enjoyment of his estate to the extent that his acts and management are sanctioned by good husbandry in the locality in which the land is situated. He is entitled to the full use and enjoyment of the property, provided in such use he exercises the ordinary care of a prudent man for its preservation and protection."

"As a general rule the life tenant is entitled during the continuance of his estate to the entire income from the property, unless there is a direction to the contrary in the instrument creating such tenancy." 1 Thompson on Real Property, pp. 831, 832.

In our opinion, the will evidences the intention of the testator to give his wife authority to manage and control the estate to the end that she might enjoy the revenues therefrom. Certainly there is nothing in the will directing to the contrary.

If she desired to sell, convey, incumber, or otherwise dispose of the property, in order to convey valid title, the will required that the advisers agree thereto and sign the instrument or instruments by which such sale, contract, or incumbrance was effected. At the death of Mrs. E. L. Hamilton, the undisposed of interest of the deceased, J. P. Hamilton, according to the terms of his will, descends to his children under the law of descent and distribution.

No sales have been made or attempted; no incumbrances created; the taxes have been paid; no waste of the estate has occurred; and no damage to the property been committed. The defendants have exercised the ordinary care of a prudent man to preserve and protect the estate, and the estate has been preserved and protected.

"A vested remainderman may, during the continuance of the preceding estate, maintain an action for damages for any injury to his remainder interest; but he may not sue for an injury to the estate which is not of a permanent character; nor obtain partition of undivided interests in remainder either at law or in equity; nor sue for trespass." 21 C. J. 1010, § 169.

"Remaindermen are entitled to equitable relief whenever necessary to protect their interest against loss or injury, * * * whether the remainderman's interest is in the hands of the preceding tenant for life or some other person, and even during the life of the tenant; but when such necessity does not exist the remainderman is not entitled to equitable relief. A trespass upon the rights of the life tenant gives the remainderman no right to equitable relief, unless the trespass in some way endangers the remainder interest." 21 C. J. 1012, § 171.

The judgment is affirmed.